**WESTE v. CAMPBELL, Federal Prohibition Adm'r, et al.**

District Court, S. D. New York. September 26, 1927.

**1. Intoxicating liquors ⊜➡106(1)—Permits are held under qualified title, basis of which is good faith (National Prohibition Act, tit._2, § 9 [27 USCA § 21]).**

Under National Prohibition Act, tit. 2, § 9 (27 USCA § 21), permits are held under a qualified title, the fundamental basis of which is good faith.

**2. Intoxicating liquors ⊜➡106(4)—Willful connivance by permittee in attempts to violate law will authorize revocation of permit (National Prohibition Act, tit. 2, § 9 [27 USCA § 21]).**

Proof of willful connivance by a permittee, with, or co-operation in, a deliberate attempt to violate a provision of the law, will authorize revocation of his permit under National Prohibition Act, tit. 2, § 9 (27 USCA § 21), without proof of specific violation of a specific statute or regulation.

**3. Intoxicating liquors ⊜➡108(1)—Regulation cannot authorize revocation of permit without substantial compliance with statute (National Prohibition Act, tit. 2, § 9 [27 USCA § 21]).**

Permit cannot be revoked or suspended or nullified, either temporarily or permanently, without a substantial compliance with National Prohibition Act, tit 2, § 9 (27 USCA § 21), and no regulation can be promulgated which would have such effect.

**4. Intoxicating liquors ⊜➡116—Order of Prohibition Administrator imposing conditions on withdrawals of denatured alcohol by permittee, held arbitrary and invalid.**

Order of Prohibition Administrator, imposing terms upon a manufacturer of denatured alcohol as a condition of further withdrawals under his permit, *held* arbitrary and without authority in the statute or regulations.

In Equity. Suit by Nick Weste against Maurice Campbell, Federal Prohibition Administrator and others. Decree for complainant.

Lewis Landes, of New York City, for plaintiff.

Charles H. Tuttle, U. S. Atty., of New York City (Ulysses S. Grant, Asst. U. S. Atty., of New York City, of counsel), for defendants.

HUTCHESON, District Judge. [1] My impression of the case is that the Prohibition Acts, the Volstead Act and its amendments (27 USCA) purport to contain reasonably complete provisions as to the regulative and administrative features of them, and that regulations promulgated by the Department under the authority of the law must, of course, conform to the general principle that they can enforce, explain, and apply the law; they can never modify or remake it, and must always be in conformity with it; that it appears from section 9, tit. 2 of the act (27 USCA § 21), that permits were recognized as held under a qualified title, the fundamental basis of which was the good faith, the compliance by the permittee with the provisions of law controlling the disposition, the handling, and use of alcohol.

[2] Under that section provision is made for the revocation of a permit of any person who is found guilty of either willfully violating any of the prohibition laws, or who has not in good faith conformed to the provisions of the act; and, that a reasonable construction of that section in accordance with the spirit, intent, and purpose of the act would authorize a revocation without proof of a specific violation of a specific statute or regulation, where the proof established willful connivance with or co-operation in a deliberate attempt to evade or violate a provision of the law, I have no doubt.

So construed, section 9 is comprehensive enough to cover, and at the same time protect, every good-faith and honest permittee, and to have stripped of protection any permittee who operates outside of the bona fides.

[3] That being so, I am of the opinion that a permit once granted cannot be revoked or suspended or nullified either temporarily or permanently without a substantial compliance with the provisions of section 9, and that no regulation can be promulgated which would have such an effect.

[4] Plaintiff asserts that his permit is in effect canceled, in that by this order, which was issued by the Prohibition Administrator under date of April 8, 1927, he was not permitted to withdraw any denatured alcohol until he should submit to the Prohibition Administrator orders for merchandise from persons having a recognized standing in the perfumery industry, and who stood ready to satisfy the Administrator as to the disposition which they shall make of such merchandise.

Plaintiff contends that this order is arbitrary, and not imposed under the authority or the sanction of law, because it has the effect of annulling his permit without giving him a hearing or following the procedure provided for in section 9.

The defendant replies that the order of the Administrator was not a revocation of his permit, but was an order under the authority of article 112, Regulations Relating to the Manufacture and Distribution of Industrial Alcohol, which regulations are promulgated

pursuant to title 3 of the National Prohibition Act (27 USCA § 71 et seq.). The particular section on which defendant relies is as follows:

"Where manufacturers qualified to use specially denatured alcohol dispose of their products to such person or in such manner as to render actual confirmation of such sale or disposal by examining officers impossible, said manufacturers will be called upon to show cause why their approved authorization to use specially denatured alcohol should not be amended to conform to quantities and formulas required for the manufactured products whose sale may be confirmed."

This paragraph has relation to article 111, which contains the following provision:

"In case of an application for a basic permit the determination of the federal Prohibition Administrator shall be approval or disapproval. In case of approval, the quantity shall be the amount applied for. * * * Permit form 1481 will remain in force until voluntarily surrendered or canceled. * *, * In the event of increased or decreased withdrawals, notation of the changed quantity must be made on the permit, which must be returned to the Administrator for this purpose. * * * The manufacturer, on receipt of the permit form 1481 will make application to the Administrator on form 1477 in duplicate for the issuance of one or more withdrawal permits. * * * The Administrator shall promptly approve such application, form 1477, *which shall thereupon become permits*. The Administrator shall keep a record of all permits form 1477, issued by him, and should a permit form 1481 be canceled, he shall forthwith notify each dealer holding the corresponding permits form 1477, and after such notice no further shipments can be made to the manufacturer to whom the permit was issued."

It is the contention of defendant that the regulation article 112 relied upon authorizes the calling in and amendment of permit 1477, and that such action is within the basic permit and therefore is not a cancellation of the permit referred to in section 9 of the act, requiring a particular kind of hearing before revocation.

Plaintiff asserts that article 112 does not authorize in terms the amendment of permit 1477, and, if it did, that permit having been issued under a regulation describing it as a permit, the provision of section 9, tit. 2, would apply; and the regulation, if it did authorize such action, would be in violation of it.

Plaintiff further contends, that, if the regulation is valid, it does not apply to this case, since in terms its application is only to actual confirmation of sales or disposals, whereas the record in this case shows conclusively that the sale of the alcohol in question was actually made.

Inside these questions are questions of evidence, defendant seeking to offer additional evidence to that in the record made at the time of the hearing on the order to show cause.

I can dispose of all these interior questions of evidence by one general ruling, sustaining the objection of the plaintiff to these offers, and confining the hearing before me to a review of the record made at the time of the order to show cause. I will therefore give plaintiff a favorable ruling on his objections to the evidence, and the defendant an exception to that ruling, and the case will be disposed of by me on the record taken at the hearing of the order to show cause, and made the basis for an amendment of permit 1477.

Coming to the main questions, I think there is much to be said in support of plaintiff's view that, since article 112 makes no provision and gives no direction as to what shall be done by the Prohibition Administrator after the hearing to show cause, the action of the Administrator in this case in seeking to impose terms as a condition for further withdrawals was merely personal and arbitrary and without support in regulation or law; for it is fundamental that, where Congress authorizes regulations having the force of law to be made, these regulations must be as clear and explicit as law, and must not leave to be supplied by the personal view of the Administrator important and effective provisions.

This aside, I am also of the opinion that, in view of the provision of article 111, "when a manufacturer holds permit form 1481, he may make application on form 1477," and "the Administrator shall promptly approve such application on form 1477, which thereupon becomes a permit," there is a very grave doubt whether the position of the defendant, that form 1477 is not a permit, and that section 9, tit. 2, of the act does not apply, can be sustained.

In view of the fact that article 111 provides that application on form 1477 shall thereupon become a permit, I am of the opinion that the defendant will have some difficulty in maintaining, in the face of this language, that form 1477 is not a permit.

These questions, though interesting, I shall not attempt to decide, for whatever may

be the proper ruling as to whether the regulation authorizes by inference, though not expressly, in a proper case the action taken by the Administrator, or whatever it may be as to whether the regulation conflicts with section 9 of the act, in effect authorizing the revocation of a permit without a hearing, the action of the Administrator in this case cannot be sustained, because the evidence does not show that the manufacturer, the plaintiff in question, has "disposed of his product to such persons or in such manner as to render actual confirmation of his sales by examining officers impossible," but, on the contrary, does show sales made in such manner and to such persons as that the confirmation thereof was not only possible, but was in fact had.

The position of the defendants that the regulations should be extended to cover cases not embraced in them—that is, where the officers, after confirming the sales, have reason to believe and do believe that the alcohol is going into illicit channels—I cannot concur in.

The regulations contain only one requirement, and that is for actual confirmation. Here that has been explicitly complied with.

So believing, the prayer of the plaintiff's bill will be granted.